FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 30 2025 ★

LONG ISLAND OFFICE

MRM:JRS
F. #2023R00392/NY-NYE-929

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

NICHOLAS ANDRADE,
also known as "Nick" and "Pirate,"
KEVIN BELNAVIS,
also known as "Torch,"
JULIAN HUTCHINS,
also known as "Hutch,"
PRINCE JONES,
also known as "P89,"
JOSE LOPEZ,
also known as "Jay Timeless,"
RYAN OMALLEY, and
THOMAS THOMPSON,
also known as "LV,"

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. CR25 147
(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(d)(1), 924(j)(1), 981(a)(1)(C), 1512(a)(1)(C), 1512(a)(3)(B)(i), 2 and 3551 et seq.; T. 21, U.S.C., §§ 841(a)(1), 841(b)(1)(A)(ii)(II), 841(b)(1)(A)(vi), 841(b)(1)(B)(ii)(II), 841(b)(1)(C), 846, 848(a), 848(e)(1)(A), 853(a) and 853(p); T. 28, U.S.C., § 2461(c))

BULSARA, J.

LOCKE, M. J.

THE GRAND JURY CHARGES:

COUNT ONE
(Conspiracy to Distribute Controlled Substances)

1. In or about and between May 2017 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NICHOLAS ANDRADE, also known as "Nick" and "Pirate," KEVIN BELNAVIS, also known as "Torch," JULIAN HUTCHINS, also known as "Hutch," PRINCE JONES, also known as "P89," JOSE LOPEZ, also known as "Jay Timeless," RYAN OMALLEY and THOMAS THOMPSON, also known as "LV," together with others, did knowingly and

intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing cocaine, a Schedule II controlled substance; and (b) a substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The amount of cocaine and fentanyl involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was (a) five kilograms or more of a substance containing cocaine and (b) 400 grams or more of a substance containing fentanyl.

(Title 21, United States Code, Sections 846, 841(b)(1)(A)(ii)(II) and 841(b)(1)(A)(vi); Title 18, United States Code, Sections 3551 et seq.)

COUNT TWO
(Unlawful Use of Firearms)

2. In or about and between May 2017 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants NICHOLAS ANDRADE, also known as "Nick" and "Pirate," KEVIN BELNAVIS, also known as "Torch," and THOMAS THOMPSON, also known as "LV," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a drug trafficking crime, to wit: the crime charged in Count One, and did knowingly and intentionally possess said firearms in furtherance of such drug trafficking crime.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

<u>COUNT THREE</u>
(Murder of Jose Manuel Sosa While Engaged in Narcotics Trafficking)

3. On or about March 9, 2023, within the Eastern District of New York and elsewhere, the defendants NICHOLAS ANDRADE, also known as "Nick" and "Pirate," and THOMAS THOMPSON, also known as "LV," together with others, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, to wit: a conspiracy to distribute five kilograms or more of a mixture or substance containing cocaine, a Schedule II controlled substance, and 400 grams or more of a substance containing fentanyl, a Schedule II controlled substance, did knowingly and intentionally kill and counsel, command, induce and cause the intentional killing of an individual, to wit: Jose Manuel Sosa, and such killing did result.

(Title 21, United States Code, Section 848(e)(1)(A); Title 18, United States Code, Sections 2 and 3551 <u>et</u> <u>seq</u>.)

<u>COUNT FOUR</u>
(Discharging a Firearm During a Crime of Violence: Murder of Jose Manuel Sosa)

4. On or about March 9, 2023, within the Eastern District of New York and elsewhere, the defendant NICHOLAS ANDRADE, also known as "Nick" and "Pirate," and THOMAS THOMPSON, also known as "LV," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Three, and did knowingly and intentionally possess said firearm in furtherance of such crime of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 <u>et</u> <u>seq</u>.)

COUNT FIVE
(Firearm-Related Murder of Jose Manuel Sosa)

5. On or about March 9, 2023, within the Eastern District of New York and elsewhere, the defendants NICHOLAS ANDRADE, also known as "Nick" and "Pirate," and THOMAS THOMPSON, also known as "LV," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the knowing and intentional use of one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Four, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was murder as defined in Title 18, United States Code, Section 1111(a), in that the defendants, together with others, with malice afterthought, did unlawfully kill Jose Manuel Sosa.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

COUNT SIX
(Witness Tampering)

6. On or about March 10, 2023, within the Eastern District of New York and elsewhere, the defendant NICHOLAS ANDRADE, also known as "Nick" and "Pirate," together with others, did knowingly and intentionally attempt to kill John Doe-1, an individual whose identity is known to the Grand Jury, with the intent to prevent the communication of John Doe-1 to a law enforcement officer of information relating to the commission and possible commission of a Federal offense.

(Title 18, United States Code, Sections 1512(a)(1)(C), 1512(a)(3)(B)(i), 2 and 3551 et seq.)

COUNT SEVEN
(Discharging a Firearm During a Crime of Violence: Witness Tampering)

7. On or about March 10, 2023, within the Eastern District of New York and elsewhere, the defendant NICHOLAS ANDRADE, also known as "Nick" and "Pirate," together

with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Six, and did knowingly and intentionally possess said firearm in furtherance of such crime of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT EIGHT
(Possession with Intent to Distribute Controlled Substances)

8. On or about July 16, 2024, within the Eastern District of New York and elsewhere, the defendants NICHOLAS ANDRADE, also known as "Nick" and "Pirate," JULIAN HUTCHINS, also known as "Hutch," and RYAN OMALLEY, together with others, did knowingly and intentionally possess with intent to distribute one or more controlled substances, which offense involved (a) 400 grams or more of a substance containing fentanyl, a Schedule II controlled substance; (b) 500 grams or more of a substance containing cocaine, a Schedule II controlled substance; and (c) a substance containing cocaine base, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(vi), 841(b)(1)(B)(ii)(II) and 841(b)(1)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE AND EIGHT

9. The United States hereby gives notice to the defendants that, upon their conviction of either of the offenses charged in Counts One and Eight, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any

Case 2:25-cr-00147-GRB Document 1 *SEALED* Filed 04/30/25 Page 6 of 9 PageID #: 1468



proceeds obtained directly or indirectly as the result of such offenses; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses, including but not limited to five boxes of CC1 .22 caliber LR ammunition and one loaded .22 caliber magazine, all seized by law enforcement on or about July 16, 2024, in Amityville, New York.

10. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS TWO, FOUR, FIVE AND SEVEN

11. The United States hereby gives notice to the defendants charged in Counts Two, Four, Five and Seven that, upon their conviction of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition

involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924.

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT THREE

13. The United States hereby gives notice to the defendants charged in Count Three that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Sections 848(a) and 853(a), which requires any person convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense; (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such

offense; and (c) any of their interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.

14. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 848(a), 853(a) and 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT SIX

15. The United States hereby gives notice to the defendant charged in Count Six that, upon his conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

[redacted]

FOREPERSON

John J. Durham

JOHN J. DURHAM
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK